**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTRIE ALLEN,** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| | § | **Civil Action No.** |
| | § | |
| **VS.** | § | |
| | § | _____ |
| **CHRISTOPHER BOEDEKER, in his official** | § | |
| **and individual capacities;** | § | |
| **JOHNSON COUNTY, TEXAS; and** | § | |
| **DAVID LLOYD, in his individual capacity** | § | |
| **Defendants** | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

     Plaintiff file this Complaint against Defendants for various federal causes of action in conjunction with her employment with Johnson County, Texas, in support of which Plaintiffs would show the Court the following;

I. JURISDICTION AND VENUE

1.    Plaintiff brings this action under the U.S. Constitution and 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§1331.

2.    Venue is proper in this Court under 28 U.S.C. §1391(b)(1)-(2) as the county in which all or part of the cause of action arose.

II. PARTIES

3.    Plaintiff Artrie Allen is an individual residing in Texas.

4.　　Defendant Christopher Boedeker is the Johnson County Judge and can be served with summons at Johnson County Courthouse, 2 N. Main St., Cleburne, TX  76033.

5.　　Defendant Johnson County, Texas can be served with summons through Johnson County Judge Christopher Boedeker at Johnson County Courthouse, 2 N. Main St., Cleburne, TX 76033.

6.　　Defendant David Lloyd is the District Clerk for Johnson County, Texas. He can be served with summons at Guinn Justice Center, 204 South Buffalo Ave., Cleburne, TX  76033.

III. STATEMENT OF FACTS

7.　　Artrie Allen was employed with Johnson County, Texas.  She had been employed with Johnson County since 1989 starting out as an entry level clerk.  She worked her way up to Jury Administrator.

8.　　Ms. Allen was in charge of calendaring jury trials, summoning jurors, swearing them in, getting jurors paid, creating quarterly reports to Austin to get partial repayment for jurors, sending out notices, using the IVR system that would call and email prospective jurors reminders and getting juror lists together.

9.　　The jury wheel is set up from the Texas Secretary of State with citizens' drivers licenses and voter registrations.

10.　　In the fall of 2022, District Clerk David Lloyd came to Ms. Allen and instructed her to manipulate the jury selection system because judges wanted particular people for grand juries. Plaintiff told Mr. Lloyd that the system is supposed to choose random jurors.  He continued to approach Plaintiff and tell her that the judges wanted her to get into the system to preselect jurors.  Plaintiff would continue to tell Mr. Lloyd no.

11.     Mr. Lloyd discontinued his requests for a few months, but then started these requests again to Plaintiff around May or June of 2023 as the county was getting ready for a substantial capital murder case.  Plaintiff again refused.

12.     Following the Plaintiff's refusal to manipulate the jury system, Mr. Lloyd attempted to contact the software company that handled the software for the jury selection system.  Plaintiff spoke with the representative for the software company and relayed that she had explained to Mr. Lloyd that the software could not be manipulated to do what he wants it to do.  The representative stated that what the County wanted the software to do was illegal and Plaintiff agreed.  The representative stated that he has already had this happen in three other counties and that he had to testify in cases where this happened.

13.     Subsequently, there was a software update for the system.  During the time that the software was updating, Mr. Lloyd again approached Plaintiff.  He asked Plaintiff to tell the software company to create software that will allow the county to pick jurors.  Plaintiff refused.  Mr. Lloyd said that it was what the judges wanted.  He further told Plaintiff that "if you won't play the game, you'll be gone."  Mr. Lloyd said that Administrative Judge Bosworth and other judges wanted to be able to choose jurors.

14.     The software representative came to Johnson County due to issues with software.  Mr. Lloyd approached the representative, while Plaintiff was present, and said that he wanted the software to be able to choose the jurors. The representative reiterated that such a system was illegal. Mr. Lloyd responded "what the judge wants, the judge gets."  The software issues were still being addressed while the County was getting ready for the capital murder trial.

15.     On August 15, 2023 Mr. Lloyd and Randy Gillespie, Personnel Director for Johnson County told Plaintiff that Texas is an at will state.  Mr. Gillespie stated that the judges voted and

in light of everything going on, Plaintiff was terminated along with her two employees.  Mr. Gillespie said they would be getting security to escort them out.  Mr. Lloyd then said "I told you that if you won't play the game like Bosworth asked, you're gone."

16.    Plaintiff was terminated for not finding a way to manipulate the software system for choosing jurors.

## IV. CAUSES OF ACTION

### First Cause of Action - Unconstitutional Retaliatory Employment Termination In Violation of 42 U.S.C. § 1983

17.    Defendants Judge Boedeker, David Lloyd and the Johnson County acted under color of state law at times relevant hereto.

18.    As set forth in the preceding paragraphs, Plaintiff was fired from Johnson County in retaliation for exercising her right to freely speak on a matter of public concern in violation of the First Amendment to the United States Constitution made applicable to the Defendants by the Fourteenth Amendment for which redress is provided by 42 U.S.C. §1983, as well as in violation of the Texas Constitution.

19.    Specifically, Plaintiff was fired by Johnson County in retaliation for voicing that what the judges wanted to do with the jury lists constituted jury tampering.

20.    There is direct evidence of a First Amendment violation as the District Clerk admitted that Plaintiff was being fired voicing her opposition to jury tampering.

21.    Judge Boedeker acting in his official capacity on behalf of Johnson County possessed final policymaking authority for Johnson County. Judge Boedeker made a determination to terminate Plaintiff from Johnson County in retaliation for a statement of public concern. The decision to terminate Plaintiff was made with deliberate indifference to Plaintiff's constitutional rights and was the moving force behind the violation of Plaintiff's First Amendment rights.

22.     Additionally, David Lloyd as the District Clerk acted in his individual capacity to harass and retaliate against Plaintiff for the exercise of her First Amendment rights.

**Second Cause of Action – Unconstitutional Oppression, Intimidation, and Retaliation in Contravention of the First Amendment and In Violation of 42 U.S.C. § 1983**

23.     All Defendants acted under color of state law at all times relevant hereto.

24.     "A First Amendment retaliation claim requires showing: the employee suffered an adverse employment action; her speech involved a matter of public concern; her interest in commenting on such matters outweighs the defendant's interest in promoting efficiency; and the speech motivated the adverse employment action." *Martinez v. Tex. Dep't of Criminal Justice,* 300 F.3d 567 (5th Cir.2003). *Rodriguez v. Frio Cnty., Texas*, No. SA-02-CA-905-XR, 2004 WL 377558, at *3 (W.D. Tex. Jan. 26, 2004).  In the instant case, the Plaintiff meets all of these elements.  Her speech involved a matter of public concern regarding ethical jury selection.  Her interest in commenting on such matters outweighs any alleged interest of the Defendants in promoting efficiency.  Plaintiff was fired as a direct result of her concern and resulting speech.

25.     In *Rodriguez, supra*, the plaintiff asserted First Amendment retaliation as a result of telling the County Treasurer that defendant Cantu had asked her to mark off "good" jurors versus "bad" jurors on the list. The court found that such was protected speech.  "The speech at issue here need not be made to the public at large in order to be 'speech.' *citing Kennedy v. Tangipahoa Parish Library Bd. of Control,* 224 F.3d 359, 372 (5th Cir.2000). In addition, '[i]f the allegations of corruption are true, such allegations are matters of public concern and outweigh the government's interest in efficiency.'" *citing Teague v. City of Flower Mound,* 179 F.3d 377, 381 (5th Cir.1999).

26.     Furthermore, the conduct of the Defendants was clearly unreasonable.  As noted by the court in Rodriguez, "[n]o reasonable public official could assume that he could retaliate against

an employee because of the employee's allegations of corruption within the public sphere. Rodriguez at *4, *citing Branton v. City of Dallas, Tex.,* 272 F.3d 730, 740 (5th Cir.2001).

27.    At all times relevant to this lawsuit, Judge Boedeker was the final policymaker for Johnson County. Johnson County and Judge Boedeker's actions in formulating and enforcing policies, practices and customs of violating constitutional rights through harassment, oppression and retaliation were objectively unreasonable and violated clearly established law.

28.    As set forth in the preceding paragraphs, the acts of the official policymaker for Johnson County amount to a violation of 42 U.S.C. § 1983 for which Johnson County is liable. Johnson County adopted policies and/or created customs that allowed for harassment, oppression and retaliation against citizens such as Plaintiff. The Johnson County final policymaker used his authority to intimidate and harass Plaintiff and have her terminated from Johnson County.

29.    As a result of Judge Boedeker's action as described in this complaint, Plaintiff lost her job. Johnson County's conduct and David Lloyd's conduct was unlawful, violated clearly established law and was objectively unreasonable.

V.    DAMAGES

As a result of the conduct of the Defendants as described above, Plaintiff suffered lost earnings and benefits, as well as substantial emotional harm and mental anguish in the past and future in excess of the jurisdictional limits of this Court. Plaintiff is entitled to compensation for such damages caused by Defendants.

Plaintiff is entitled to recover attorneys' fees, costs, litigation expenses, and expert fees, as allowed, pursuant to 42 U.S.C. §1988, 12205, as well as pre-judgment and post judgment interest as allowed by law.

VI. JOINT AND SEVERAL LIABILTY

     All Defendants are jointly and severally liable.

VII. DEMAND FOR JURY

     Plaintiff requests a trial by jury.

CONCLUSION AND PRAYER

     THEREFORE, Plaintiff prays for judgment against all Defendants for economic damages, compensatory damages, and for statutory attorneys' fees, costs, and expenses, pre-judgment interest and post judgment interest as allowed by law. Finally, Plaintiff seeks all other additional relief as the Court deems just and proper.

                       Respectfully submitted,

                        s/Susan E. Hutchison
                       Susan E.  Hutchison
                       Texas Bar No. 10354100
                       sehservice@FightsforRight.com

                       S. Rafe Foreman
                       Texas Bar No. 07255200
                       srfservice@FightsforRight.com

                       HUTCHISON & FOREMAN, PLLC
                       500 East 4th St., Ste. 100
                       Fort Worth, TX  76102
                       (817) 336-5533
                       817.887.5471 fax

                       ATTORNEYS FOR PLAINTIFF