UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTRIE ALLEN, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:24-CV-2968-X |
| § | |
| CHRISTOPHER BOEDEKER, § | |
| JOHNSON COUNTY, TEXAS, § | |
| and DAVID LLOYD, § | |
| § | |
| *Defendants.* § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the defendants' motion to dismiss. (Doc. 12). Artrie Allen, a former Jury Administrator for Johnson County, brings civil rights claims over her termination, which she alleges was retaliatory in violation of the First Amendment. Allen sues the county, the judge, and the district clerk, all of whom move to dismiss. After reviewing the briefing and the relevant law, the Court **GRANTS** the defendants' motion to dismiss.

### I. Factual Background

Allen was fired from her position as Johnson County Commissioner's Court's Jury Administrator in August 2023 after her superior allegedly asked her to manipulate the County's jury selection software and she refused. Allen claims her termination was retaliation for her First Amendment exercise.

The Johnson County Commissioners Court employs a third-party vendor to create and issue its jury summonses. Allen, as the Jury Administrator, swore jurors

1

in, paid them, sent them notices, compiled juror lists, and put jury trials on the calendar. She alleges she had no part in overseeing the vendor or implementing the selection software.

Allen claims David Lloyd, the District Clerk, began asking her in the fall of 2022 to alter the jury selection software to preselect jurors for grand juries and an upcoming capital murder case, purportedly at the direction of multiple judges. Allen refused, telling Lloyd the system was supposed to choose random jurors. Allen contacted the vendor, which confirmed that altering the software was impossible and illegal. Lloyd's requests continued, and he threatened that "if [Allen would]n't play the game, [she'd] be gone."[1]

The following summer, Lloyd and the County's Personnel Director fired Allen and her two employees. Allen now sues the County, Lloyd, and Johnson County Judge Christopher Boedecker under 42 U.S.C. § 1983 for retaliatory intimidation, oppression, and termination in violation of the First Amendment.

## II. Legal Standard

When a party moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates whether the complaint states a claim upon which relief can be granted, accepting all well-pleaded facts as true and construing them in the light most favorable to the plaintiff.[2]

---

[1] Doc. 11 at ¶ 14.

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

To survive a motion to dismiss, Allen's complaint must allege "enough facts to state a claim to relief that is plausible on its face."[3] This occurs when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] Conclusory allegations or legal conclusions are insufficient.[5] The Court may dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."[6] Facial plausibility is not the same as a probability standard, but it requires more than "sheer possibility that a defendant has acted unlawfully."[7] When considering a motion to dismiss for failure to state a claim, the court limits itself to the pleadings and included attachments.[8]

## III. Analysis

"When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom."[9] And yet, that citizen is still a citizen.

A public employee can bring First Amendment retaliation claims under section 1983 if she can show "(1) [s]he suffered an adverse employment action; (2) [s]he spoke as a citizen on a matter of public concern; (3) h[er] interest in the speech outweighs

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.*

[6] *Collins*, 224 F.3d at 498.

[7] *Ashcroft*, 556 U.S. at 678.

[8] *Collins*, 224 F.3d at 498.

[9] *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).

3

the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action."[10]  Her speech must not be made pursuant to her official duties.[11]  Only if she spoke as a citizen on a matter of public concern does she have a First Amendment claim.[12]

The first and last elements are undisputed—Johnson County fired Allen after she refused to alter the jury selection program.  But the parties disagree over the second and third.  The Court will focus on the second.

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes."[13]  In determining whether an employee's speech is that of a government employee or a concerned citizen, courts look to "the content, form, and context of a given statement, as revealed by the whole record."[14]  But context and form prevail over content—"the focus is on the hat worn by the employee when speaking rather than upon the 'importance' of the issue."[15]  This helps avoid the perilous constitutional terrain of content-based analysis for First Amendment claims.[16]

---

[10] *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016) (cleaned up).

[11] *Garcetti*, 547 U.S. at 421.

[12] *Id.* at 418.

[13] *Id.* at 421.

[14] *Connick v. Myers*, 461 U.S. 138, 147–48 (1983).

[15] *Teague v. City of Flower Mound*, 179 F.3d 377, 382 (5th Cir. 1999) (cleaned up) (detailing the development and application of the *Connick* factors).

[16] *See id.*

Further, the Fifth Circuit has clarified that the relevant distinction is between "speech that is the kind of activity engaged in by citizens who do not work for the government" and speech made "in the course of performing one's job."[17]

The defendants argue that overseeing the jury software was inherently tied to Allen's official duties as Jury Administrator, so her activity arose from her job duties. Allen counters that her duties involved administrative tasks, not creating or manipulating jury selection software, which was handled by a third-party vendor. But the only reason she was in a position to refuse to tamper with the software is because she managed the jury process. A task does not have to be expressly within an employee's job description to be pursuant to one's job duties and First-Amendment unprotected.[18]

While Allen may not have been involved in programming the jury software, she would not have been asked to facilitate its manipulation but for her role.[19] Lloyd asked her to edit the software because of her official role and specialized knowledge with jury administration, including the capabilities and limits of the software.

And the manner in which Allen refused to manipulate the software supports the conclusion that her speech was pursuant to her duties. Though the content—the integrity of the county court system—is certainly a matter of public concern, the

---

[17] *Williams v. Dall. Ind. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007) (cleaned up).

[18] *See id.* at 694 (finding a school Athletic Director's memorandum unprotected by the First Amendment when he wrote it from the perspective of his role in the school district rather than that of a parent or taxpayer).

[19] *See Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 277 (5th Cir. 2020) (noting plaintiff's job duties were "closely related" to reporting false claims for "ghost ticketing" and that "by virtue of their employment only" did plaintiff have knowledge to report alleged misconduct).

5

context and form of Allen's refusal was internal, work-related communications. She refused Lloyd's request directly to him and then spoke to the software vendor who confirmed that she could not do what Lloyd had requested.

Unlike cases in which courts determined employee speech was protected as citizen speech,[20] Allen didn't report Lloyd or try to publicize criticism of the County's desire to manipulate the jury selection process. Rather, taking all her allegations as true, her refusal to perform a task Lloyd directed her to complete as Jury Administrator was speech in her government capacity, not in her citizen capacity.

Because Allen's speech was that of a public employee, she cannot state a valid claim for relief under the First Amendment. And because she cannot establish a constitutional violation, she can't bring a claim under section 1983, whether that's against Lloyd and Boedecker individually or in their official capacities, or against the County itself. The Court **GRANTS** the defendants' motion to dismiss Allen's claims.

### IV. Conclusion

Because the Court has found insufficient facts in the Allen's complaint, the Court **GRANTS** the defendants' Motion to Dismiss as to both her claims.

**IT IS SO ORDERED** this 30th day of July, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[20] *E.g.*, *Anderson*, 845 F.3d at 597 (determining a court employee's speech was not pursuant to his official duties when he reported an appeals judge's suspected misconduct to the Texas Supreme Court, which is "the kind of activity engaged in by citizens—including licensed lawyers—who do not work for the government. All lawyers, not just lawyers, not just lawyers who are public employees, have a duty to report malfeasance." (cleaned up)).